## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

David Christopher Ellison

July 20, 1993

Case No. (Criminal) 8593

By Judge Carleton Penn

Yesterday the Court took this matter under advisement as to the admissibility of the Certificate of Analysis of defendant's blood as to blood alcohol content, his motion to strike the Commonwealth's evidence at its close as to Counts II and III, and to acquit defendant of the three counts of the indictment after final argument.

The first count charges operation of a motor vehicle after having been adjudged an habitual offender. He says that because the arresting officers lost sight of him momentarily as he fled behind a storehouse in the dark, he has not been properly identified as the person operating the motor vehicle in question.

The first police vehicle stopped a half car-length behind the vehicle which defendant was driving. The police vehicle had its headlights on high beam and also its spotlight illuminating the defendant. Defendant paused "two or three" seconds in those lights before "bolting." The officers were in close pursuit of him for two or three hundred yards until his apprehension, albeit he was out of their vision for "a few seconds." He was identified by the officers as the same person who "bolted" from the vehicle. It had no other occupants. The evidence does not show the presence of any other person or persons in the vicinity of the arrest. He has been properly identified as the operator.

He argues that he should be acquitted because his adjudication as an habitual offender is void, in that the order of adjudication sought to be

served upon him shows that he was "not found." That order, however, also states "David Christopher Ellison, having been duly notified, appeared in person." There is no evidence that he was not present for the adjudication hearing.

The section of the Virginia Code as to requisite notice to the person is § 46.2–355. It states in pertinent part:

*Unless it appears from the record of the case that the person was present at the hearing in which the court found him to be an habitual offender,* the clerk shall cause to be mailed to the person at his last known address appearing in the records of the case a copy of the habitual offender order. (Italics supplied.)

That provision is consistent with the principle that the law does not require performance of an idle act. If Ellison were present as the order recites, he is presumed to have known the action taken by that court.

The second count of the indictment charges Ellison with driving while intoxicated. He says the Certificate of Analysis that states the blood alcohol content of his blood is inadmissible because the identity of the person who drew the blood was not adequately shown and because the requirements of § 18.2–268.7 were not met. He points to the following language from that section:

The Director shall remove the withdrawal certificate from the vial, attach it to the certificate of analysis and state in the certificate of analysis that it was so removed and attached.

Defendant complains because a statement "that it was so removed and attached" does not appear on the certificate of analysis.

The Director's representative attested the certificate of analysis that contained the statement: "The attached Certificate of Blood Withdrawal was affixed to the vial."

For the withdrawal certificate to be attached to the certificate of analysis, of necessity, it had to be removed from the vial. The court finds that such is a substantial compliance with the statute as contemplated by § 18.2–268.11. It is also of the opinion that there was substantial compliance with the provision identifying those persons authorized to draw blood.

The arresting officer identified the person in this case to be "Nurse Muller." He stated that was the name on her name tag, although no first name was shown. She was in a nurse's uniform, performing services

believed by the witness to be nursing duties. He also believed her to be a registered nurse. The certificate of blood withdrawal showed the blood had been taken by "Lete Mueller W", according to the handwritten name. This Court's Order of 5 November 1992 names "Leota Mueller, RN" as an individual meeting the qualifications for withdrawing blood for the purpose of determining the alcohol content. (The Court received that order in evidence for the Commonwealth, taking judicial notice of it.) The evidence as a whole requires the inference that defendant's blood was drawn by the person named in the Court Order.

Both Code § 19.2–399 and the evidence pertaining to the traffic stop and arrest of Ellison are dispositive of his "probable cause" argument.

The evidence as to the third count satisfies the elements of the offense as set out in the statute, Code § 18.2–460, beyond a reasonable doubt. Accordingly, the Court finds Ellison guilty of all three counts of the indictment.